# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| JAMIE SIMMONS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-14-3029 |
| § | |
| AIRGAS ON-SITE SAFETY § | |
| SERVICES, INC., § | |
| § | |
| Defendant. § | |

## ORDER

Jamie Simmons sued Airgas On-Site Safety Services, Inc. ("Airgas") in Texas state court, alleging discrimination and retaliation that violated the Texas Commission on Human Rights Act ("TCHRA"), TEX. LAB. CODE § 21.001 *et seq.* Airgas removed to federal court on the basis of diversity jurisdiction and moved to dismiss under Federal Rule of Civil Procedure 12(b)(1), asserting that Simmons's failure to exhaust her state administrative remedies deprives this court of subject-matter jurisdiction to decide the merits. (Docket Entry No. 2). Simmons has not responded to Airgas's motion.

In *Gorman v. Verizon Wireless Texas, LLC*, 753 F.3d 165 (5th Cir. 2014), the Fifth Circuit held that "the failure to receive a Texas right to sue letter is not a jurisdictional defect" for a claim under the TCHRA. *Id.* at 170 (citing *In re: USAA*, 307 S.W.3d 299, 311 (Tex. 2010)). Instead, the exhaustion requirement is "only a condition precedent" to such a claim. *Id.* at 166. Whether Simmons has exhausted her state administrative remedies or not, this court has subject-matter

jurisdiction to decide this action. Airgas's Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction, (Docket Entry No. 2), is denied.

SIGNED on December 8, 2014, at Houston, Texas.

Lee H. Rosenthal
United States District Judge